IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GEORGE W. ROY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07-CV-313-TFM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

# OPINION AND ORDER

Pending before the court are Defendant's *Motion to Dismiss* Plaintiff's *Complaint* seeking judicial review of the denial of his claim for disability insurance benefits under Titles II and XVI of the Social Security Act, and Defendant's *Memorandum in Support*. (Doc. # #11, 12).  Upon this court's issuance of an order to show cause why the *Motion to Dismiss* should not be granted (Doc. #13), Plaintiff submitted an *Amendment to Complaint Adding Writ of Mandamus and Memorandum in Support* (Doc. #17).

## BACKGROUND

Plaintiff's application for disability insurance benefits and supplemental security income was denied initially and on reconsideration by the Social Security Administration (SSA).  On November 23, 2005, Plaintiff was sent notification of the denials and of his opportunity to request a hearing before an Administrative Law Judge (ALJ) within 60 days of his receipt of the notice.  The notice informed Plaintiff the 60 days began 5 days after the date of the letter unless he demonstrated that he had not received the letter within

the 5-day period. (Doc. #12-2, at 5). Absent such showing, Plaintiff's 60 days began on November 28, 2005, and expired on January 27, 2006. The hearing request form submitted as an exhibit by the SSA shows Plaintiff signed and dated the hearing request form on January 12, 2006. (Doc. #12-2, at 8). The form also shows Plaintiff's attorney/representative signed and dated the form on February 8, 2006. The SSA received the form on February 9, 2006. (Doc. #12-2, at 8).

    The SSA sent an Order to Show Cause to Plaintiff to explain why the hearing request was untimely. The Order warned Plaintiff his hearing request would be dismissed if the ALJ did not find good cause for the untimely filing. (Doc. #12-2, at 9). Plaintiff's attorney responded the request was late because of Plaintiff's change of address and strong medication which affected Plaintiff's ability to remember important dates. (Doc. #12-2, at 10). The ALJ sent Plaintiff an order dismissing the hearing request as untimely. The order stated a claimant was responsible for informing the agency of changes in address, and the stated reasons for the late filing did not constitute good cause to extend the time for filing. (Doc. #12-2, at 14). *See* 20 C.F.R. §§ 404.957(c)(3), 416.1457(c)(3).[1] The SSA Appeals Council denied Plaintiff's request for review of the ALJ's dismissal of the hearing request. (Doc. #12, at 4).

---

[1] Identical text in each cited regulatory provision permits an ALJ to dismiss a request for a hearing where a hearing was not requested within the stated time period, and SSA had not granted an extension. *See* 20 C.F.R. §§ 404.957(c)(3), 416.1457(c)(3). Regulations also provide the "dismissal of a request for a hearing is binding, unless it is vacated by and administrative law judge or the Appeals Council." *See* 20 C.F.R. §§ 404.959, 416.1459.

the 5-day period. (Doc. #12-2, at 5). Absent such showing, Plaintiff's 60 days began on November 28, 2005, and expired on January 27, 2006. The hearing request form submitted as an exhibit by the SSA shows Plaintiff signed and dated the hearing request form on January 12, 2006. (Doc. #12-2, at 8). The form also shows Plaintiff's attorney/representative signed and dated the form on February 8, 2006. The SSA received the form on February 9, 2006. (Doc. #12-2, at 8).

    The SSA sent an Order to Show Cause to Plaintiff to explain why the hearing request was untimely. The Order warned Plaintiff his hearing request would be dismissed if the ALJ did not find good cause for the untimely filing. (Doc. #12-2, at 9). Plaintiff's attorney responded the request was late because of Plaintiff's change of address and strong medication which affected Plaintiff's ability to remember important dates. (Doc. #12-2, at 10). The ALJ sent Plaintiff an order dismissing the hearing request as untimely. The order stated a claimant was responsible for informing the agency of changes in address, and the stated reasons for the late filing did not constitute good cause to extend the time for filing. (Doc. #12-2, at 14). *See* 20 C.F.R. §§ 404.957(c)(3), 416.1457(c)(3).[1] The SSA Appeals Council denied Plaintiff's request for review of the ALJ's dismissal of the hearing request. (Doc. #12, at 4).

---

[1] Identical text in each cited regulatory provision permits an ALJ to dismiss a request for a hearing where a hearing was not requested within the stated time period, and SSA had not granted an extension. *See* 20 C.F.R. §§ 404.957(c)(3), 416.1457(c)(3). Regulations also provide the "dismissal of a request for a hearing is binding, unless it is vacated by and administrative law judge or the Appeals Council." *See* 20 C.F.R. §§ 404.959, 416.1459.

Plaintiff's *Complaint* invokes jurisdiction pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), the relevant portion of which provides:

> [A]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).

## DISCUSSION

Defendant's *Motion to Dismiss* contends this court lacks subject matter jurisdiction because the ALJ did not conduct an administrative hearing, thus, there was no "final decision of the [Commissioner] made after a hearing." Without a final decision, SSA argues, Plaintiff cannot obtain judicial review under 42 U.S.C. § 405(g). (Doc. #12, at 3). Plaintiff contends he was not afforded due process by the SSA, but is nonetheless entitled to judicial review in this court because he asserts a constitutional claim arising from the alleged deprivation of due process. He claims two due process violations - (1) failure of adequate notice by SSA, and (2) failure to grant an extension after showing good cause for his untimely hearing request.

Defendant's *Motion* is supported by an affidavit from John J. Timlin, Acting Chief of Court Case Preparation and Review, Branch IV of the Office of Appellate Operations, Social Security Administration. Mr. Timlin avers a hearing was never conducted in Plaintiff's case because he did not file a timely request for a hearing, constituting grounds

3

for dismissal by the ALJ.  (Doc. #12 at 2-3, Doc. #12-2, at 4).  Defendant argues the Appeals Council correctly denied Plaintiff's request for review because the ALJ had not abused his discretion, committed an error of law, or otherwise exceeded his regulatory authority.  (Doc. #12, at 3).  Thus, having failed to receive an administrative hearing, he could not meet the threshold requirement for judicial review by this court under 42 U.S.C. § 405(g), *i.e.*, a "final decision . . . made after a hearing."  (Doc.  #12 at 3).

     The  Defendant's construction of the statute follows settled interpretation by the Supreme Court and federal courts of appeals.  *See Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 986 (1977) ("[Section 205] clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'"); *Weinberger v. Salfi*, 422 U.S. 749, 765, 95 S.Ct. 2457, 2466-67 (1975); *Brandyburg v. Sullivan*, 959 F.2d 555, 559 (5th Cir. 1992) (noting virtual unanimity among courts in holding that "determinations of whether to extend for cause the limitation periods prescribed by [SSA] regulation are not 'final decisions' within the meaning of section 405(g) and are hence unreviewable.")  Despite the statutory bar to judicial review pursuant to section 405(g), the Supreme Court recognizes a federal court's jurisdiction to review a plaintiff's colorable constitutional claim which can arise within his otherwise unreviewable SSA case.  *See Sanders*, 430 U.S. at 108, 97 S.Ct. at 986; *see also Brandyburg*, 959 F.2d at 562.

Plaintiff's *Amendment to Complaint Adding Writ of Mandamus and Memorandum in Support* seeks to draw his case within the "constitutional claim" exception in *Sanders*. In his request for remand to the Commissioner for a hearing on the merits, Plaintiff cites *Suciu v. Barnhart*, 405 F.Supp.2d 874 (M.D. Tenn. 2005), which found a colorable constitutional claim under the *Sanders* exception. *Suciu* noted a district court "has jurisdiction to review the full administrative record to determine if the decision not to reopen because no 'good cause' was shown was in fact based upon substantial evidence in the record." *Suciu*, 405 F.Supp.2d. at 879. The case arose where a claimant's attorney, but not the claimant, appeared for the scheduled administrative hearing. Even though the applicable hearing regulations permitted either the attorney or claimant to appear, the ALJ issued a Notice to Show Cause for Failure to Appear, and later dismissed the request for a hearing. *Id.* at 875, 880-81. The district court found the agency had not followed its regulations applicable in those circumstances, and granted the claimant's request for remand with directions to schedule an administrative hearing before the ALJ. *Id*. at 881.

The facts in *Suciu* are distinguishable from the instant case because Plaintiff does not demonstrate how SSA failed to follow its regulations. His pleadings claim violations of due process under the Fifth Amendment to the United States Constitution,[2] through 20

---

[2] "No person shall be . . . deprived of life, liberty, or property, without due process of law. . . ." U.S. Const., Amend. V.

C.F.R. § 404.938(c).[3]  Plaintiff first claims the SSA failed to "take reasonable steps to notify the Plaintiff and/or his attorney of the date and time of administrative hearing." (Doc. #17, at 1).  Although Plaintiff initially asserts the SSA violated its own rules in failing to provide notice of a hearing under this provision, his substantive argument discusses a lack of adequate notice as to his disapproved claim.  (Doc. #17, at 4-5).  The court finds 20 C.F.R. § 404.938(c) to be inapplicable here because Plaintiff was never granted a hearing, and he cannot complain of a lack of notice in that regard.  Moreover, he does not show any due process failure by SSA as to the actual disapproval of his claim, because his request for hearing form shows he signed and dated the form on January 12, 2006.  (Doc. #12-2, at 8).  Plaintiff signed the hearing request form two full weeks prior to the expiration of his 60-day timeframe to request a hearing on January 27, 2006.  Thus, the record shows the SSA did not provide deficient notice to Plaintiff.

---

[3]The cited regulation provides as follows:

> Notice of a hearing before an administrative law judge.
> . . .
> (c) Acknowledging the notice of a hearing.  The notice of hearing will ask you to return a form to let us know that you received the notice.  If you or your representative do not acknowledge receipt of the notice of hearing, we will attempt to contact you for an explanation.  If you tell us that you did not receive the notice of hearing, an amended notice will be sent to you by certified mail.

20 C.F.R. § 404.938(c).

Plaintiff also asserts error due to the ALJ's rejection of his Response to the Order to Show Cause, dated March 28, 2006. (Doc. #12-2, at 10).[4]  He asserts his response showed "good cause" for extension under 20 C.F.R. § 404.911, specifically, failure to receive the notice of determination, and unusual or avoidable circumstances. (Doc. #17, at 5). *See* 20 C.F.R. § 404.911(b)(7) and (9). As discussed above, the record plainly shows Plaintiff received the determination in a timely manner, as demonstrated by his timely completion of the hearing request as of January 12, 2006. Likewise, the timely completion of the hearing request by Plaintiff eliminates as good cause the claimed physical and mental limitations cited by Plaintiff. As the record negates both claims of good cause for extension, the agency did not err in its factual finding or its dismissal of Plaintiff's request for hearing.

## CONCLUSION

Plaintiff fails to qualify for review under 42 U.S.C. § 405(g), or to establish a "colorable constitutional claim" within the *Sanders* exception to statutory review of the denial of his applications for disability insurance benefits and supplemental security income. Consequently, this court is without jurisdiction to either review the denial of benefits to Plaintiff, or to remand for an administrative hearing. Plaintiff's plea for mandamus jurisdiction must also be denied, as that power is only exercised where "the

---

[4]Although the *Memorandum in Support* refers to the ALJ's denial of his "Motion to Reinstate," his reference to the document as Declaration, Exhibit 4, indicates the March response is the filing at issue.

plaintiff has exhausted all other avenues of relief and the defendant owes the plaintiff a clear nondiscretionary duty." *Suciu*, *id*. at 881.  Defendant does not owe Plaintiff any additional duty under its regulations, and cannot invoke the extraordinary relief of mandamus jurisdiction.

    Accordingly, Defendant's *Motion to Dismiss* is hereby GRANTED, and Plaintiff's petition for a writ of mandamus is hereby DENIED.


    Done this  21st  day of August, 2007.


                               /s/ Terry F. Moorer
                               TERRY F. MOORER
                               UNITED STATES MAGISTRATE JUDGE